UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

MARTHA R. CROWE                                        PETITIONER

v.                                                 CIVIL ACTION NO. 4:11CV-89-S

JOE KEFFER, Warden
FMC Carswell                                       RESPONDENT

## MEMORANDUM OPINION

This matter is before the court on motion of the petitioner, Martha R. Crowe, *pro se*, to alter or amend the court's memorandum opinion and order denying her petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the court will grant Crowe relief under her petition.

The court need not revisit the procedural history of this case. The background can be found in our prior opinion. (DN 48). The court considered Crowe's supplemental memorandum in support of her petition in which she sought to demonstrate that an intervening change in the law establishes her "actual innocence;" that is, factual innocence, of money laundering. She has claimed actual innocence in light of the decision of the United States Supreme Court in *United v. Santos*, 553 U.S. 507 (2008).[1]

---

[1] Despite the fact the *Santos* has been superseded by statute, the limited window of time in which the *Santos* analysis was viable must be respected and applied to Crowe's 1996 conviction, for the reasons stated in our September 10, 2012 opinion.

This court considered the mail fraud counts (Counts 1 though 4) and the money laundering counts brought under 28 U.S.C. § 1957 (Counts 16 through 22), and determined that proof of the mail fraud counts did not necessarily and simultaneously establish money laundering, such that the crimes merged, under the principles announced in the plurality opinion in *Santos*. This court rejected Crowe's argument that "because every completed act of fraud alleged in the indictment as a "pyramid" or "ponzi" scheme involves depositing funds derived from predicate offenses so they could be withdrawn to pay early investors to attract new investors..." (Supp. Mem., p. 1) there must be merger with the money laundering offenses charged in Counts 16-22. Crowe reiterates that argument here.

In our earlier opinion, the court quoted at length from *United States v. Crosgrove*, 637 F.3d 646, 655 (6th Cir. 2011) in which the United States Court of Appeals for the Sixth Circuit stated that

> [T]he payments Crosgrove received for his services as an attorney and claims adjuster, which the Government states are the only basis for upholding Crosgrove's conviction for conspiracy to commit money laundering, are also listed in the indictment as overt acts in furtherance of the mail/wire fraud conspiracy.

That is not the case here, as the money laundering counts were based on bank deposits while the mail fraud counts were based on payments mailed to investors, albeit all in relation to Crowe's "ponzi" scheme. We concluded from the language of the indictment itself that proof of one crime did not *ipso facto* establish the second crime.

*Santos* does not stand for the proposition that mail fraud and money laundering counts may never be prosecuted side-by-side for operation of a "ponzi" scheme simply because such schemes require the movement of proceeds between investors to perpetuate the fraud. Rather, a more rigorous inquiry is required to ascertain whether the mail fraud and money laundering counts are

"redundant," as aptly termed by Crowe, in charging mail fraud and money laundering as separate crimes.

The court remains convinced that the money laundering charges against Crowe can be distinguished from the charges in the *Crosgrove, Moreland, and Van Alstyne* cases.[2] However, the United States' response to Crowe's motion for reconsideration articulates a connection between the mail fraud and money laundering that is not apparent from the face of the indictment and cannot be ignored. The United States recounts that

> The payment of monies to earlier investors using funds received from later investors was a fundamental part of Crowe's illegal pyramid scheme, and such payments are of [sic] the subject of the mailings described in the Mail Fraud offenses charged in Counts 1 through 7 of the Indictment. Deposits of monies received from investors into a bank account used by the defendant to carry out the scheme, though this likely proved useful, was not fundamental and essential to the conduct of her illegal pyramid scheme.

Def. Resp., p. 3.

These statements from the United States concerning its evidence in the case indicate that the distinction drawn by the court in our earlier opinion between mailings to investors (mail fraud, Counts 1 - 7) and deposits of funds from investors (money laundering, Counts 16 - 22) in this case was based on a faulty premise.

The United States has indicated that the deposits from investors went into an account used by the defendant to pay out funds to perpetuate the scheme. While the United States describes these deposits of investor funds into the account as merely "useful," we must conclude that they were essential, as this is precisely the procedure alleged in the indictment to have been utilized by Crowe

---

[2] *United States v. Crosgrove*, 637 F.3d 646, 655 (6th Cir. 2011); *United States v. Moreland*, 622 F.3d 1147, 1166 (9th Cir. 2010); and *United States v. Van Alstyne*, 584 F.3d 803 (9th Cir. 2009) discussed in the court's earlier opinion (DN 48).

to perpetuate a "ponzi" scheme. The United States' discussion of the charges and evidence in this case reveals that, in fact, the mailings which were the subject of the mail fraud counts were payments of monies to earlier investors using funds, or "proceeds," received from later investors.

The money laundering counts involved the deposits of "proceeds" received from investors. The United States has indicated that the deposits from investors were used to carry out the scheme. This clearly, then, was a fundamental part of the operation of the scheme. In our earlier opinion, we likened this case to *United States v. Bush*, 629 F.3d 527 (9th Cir. 2010) where the circumstances surrounding the securities, wire and mail fraud convictions were found to be distinct from the money laundering. The mail fraud convictions were based on promotional activities and sending false documents. We are now told that the mailings charged in this case were payments to earlier investors of proceeds obtained from later investors. The deposits of funds obtained from investors into an account which facilitated these payments are charged as money laundering. Thus, the facts in *Bush* are markedly different from the facts here, and the distinction drawn in the *Bush* case does not apply.

Based on the representations by the United States, the court concludes that *Santos* requires a differentiation between the "proceeds" establishing the mail fraud and money laundering counts to avoid redundancy in the charges and subject Crowe to a significantly greater punishment for money laundering. "[U]nder *Santos*, "proceeds" as used in 18 U.S.C. § 1956 means "gross receipts" except where the money transfers are "inherent in the scheme." *United States v. Wilkes*, 662 F.3d 524, 549 (9th Cir. 2011), *citing United States v. Ferguson*, 412 Fed. Appx. 974, 975-977 (9th Cir. 2011)  Thus a merger problem exists where "it is possible that the same payout of proceeds as "returns" to investors formed the basis of the mail and securities fraud convictions, as well proved

- 4 -

the element of the money-laundering charge that Garland transacted in "proceeds" of the underlying unlawful activity." *Garland v. Roy*, 615 F.3d 391, 395-96 (5th Cir. 2010).

We note that the splintered decision in *Santos* caused great difficulty for the lower courts for the narrow subset of convictions to which it must be applied. The caselaw runs in many different directions and is peculiarly unhelpful with respect to the particular charges in this case; that is, money laundering crimes involving deposits of (as contrasted with payments from) proceeds derived from the operation of a "ponzi" scheme. While we are convinced that there may be a tenable distinction to be drawn, the United States has chosen to rest on the contention that deposits of the later investor proceeds into an account used to pay earlier investors was "useful" but not "essential" to the scheme, a premise that we have rejected. The language of *Santos* speaks broadly concerning financial transactions essential to the operation of the fraudulent scheme. We therefore decline to further parse the *Santos* case and the lower court opinions interpreting it. We further find no meaningful distinction in the application of the *Santos* holding to the money laundering charges and Count 15 which charges conspiracy to commit money laundering. The count of conviction is for Crowe's agreement rather than for commission of the substantive crime. However, where there is a merger problem concerning the substantive crime such that her conviction for that crime must be vacated, we find that the same principle applies to the count charging conspiracy to commit that legally untenable crime. Were we to permit the conviction to stand on the conspiracy count, Crowe would have been subjected to the significantly increased penalty for the same conduct with which *Santos* was concerned. Therefore, Count 15 must also be vacated.

The court concludes that the motion of the petitioner, Martha R. Crowe, for reconsideration and the petition for relief under 28 U.S.C. § 2241 must be granted and her convictions for money

- 6 -

laundering and conspiracy to commit money laundering must be vacated. A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**

February 15, 2013

**Charles R. Simpson III, Senior Judge
United States District Court**